```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
                                      )
Victor Vargas,                        )
            Petitioner,               )
                                      )
        v.                            )  Criminal No. 06-10292-PBS
                                      )  Civil No. 10-11028-PBS
United States of America,             )
            Respondent.               )
                                      )
```

**MEMORANDUM AND ORDER**

November 3, 2011

**Saris, U.S.D.J.**

## I. Introduction

Pro se petitioner Victor Vargas, who pleaded guilty to conspiring to possess with intent to distribute at least five kilograms of cocaine, brings a motion pursuant to 28 U.S.C. § 2255 on grounds that he received ineffective assistance of counsel. Vargas claims that his counsel urged him to plead guilty, and promised in exchange that he would receive a 36-month sentence. Additionally, Vargas asserts his counsel advised him not to disclose this promise to the Court if asked about it during the Rule 11 hearing. Vargas also states that his counsel wrongfully told him that pleading guilty would not impact his immigration status. In an affidavit, defense counsel denied these allegations, and Vargas requests an evidentiary hearing. Vargas's claim for ineffective assistance of counsel, as well as his request for an evidentiary hearing, is **DENIED**.

**II. Facts**

In September 2006, a federal grand jury returned a multi-defendant, two-count indictment that charged Vargas and others with conspiring to possess with intent to distribute at least five kilograms of cocaine. Vargas had assisted in transporting a shipment of approximately 30 kilograms of cocaine from Texas to New Jersey. After pleading guilty on March 10, 2008, Vargas was sentenced to 87 months imprisonment, and the First Circuit Court of Appeals affirmed the sentence on March 17, 2009.

**III. Discussion**

Vargas claims that his decision to plead guilty was induced by certain promises made by his Attorney Francisco Fernandez. In his affidavit, Vargas states that Fernandez "told me that he had secured" a plea agreement "to plead guilty in exchange for a 36 months prison sentence," and "told me not to disclose this information to the Judge." Vargas further alleges that Fernandez "told me that my pleading guilty won't affect my immigration status." Vargas contends that Fernandez was ineffective for misrepresenting his sentence and failing to inform him of the immigration consequences of his guilty plea.

In his affidavit provided in response to court order, Fernandez responds that "I never informed Mr. Vargas that I secured a deal with the prosecutor for a 36 month sentence in

exchange for a guilty plea. Nor did I ever instruct Mr. Vargas to not tell the Court of any 'deal' during his plea of guilty." Fernandez also denies that "I never told Mr. Vargas that his plea of guilty would not effect his immigration status." Mr. Fernandez points out that the sentencing memorandum not only requests a 48 month sentence but also relies on the probable deportation of the defendant as a reason for a lesser sentence.

The two-part test of Strickland v. Washington, 466 U.S. 668 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 57 (1985). First, "defendant must show that counsel's representation fell below an objective standard of reasonableness" under the circumstances. Strickland, 466 U.S. at 688. Second, to demonstrate prejudice in the context of a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 57.

Vargas's allegations contradict the record and are inherently incredible. See United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993)("[A] § 2255 motion may be denied without a hearing as to those allegations . . . which need not be accepted as true because they . . . contradict the record, or are 'inherently incredible.").

First, at the Rule 11 hearing, Vargas was clearly aware his plea would likely make him deportable:

> THE COURT: Do you understand that this plea of guilty will most likely result in your deportation?
>
> THE INTERPRETER: Yes.
>
> THE COURT: Do you understand it will likely prevent you from being able to come back in here lawfully?
>
> THE INTERPRETER: Yes.

R. 11 Hearing 5:5-10.

Even if Fernandez himself had not informed Vargas that his plea would likely render him deportable, Vargas was not prejudiced because the court did so.

Second, at the Rule 11 hearing, Vargas denied that Fernandez made him any promises regarding his sentence:

> THE COURT: Are you satisfied with the representation of your lawyer?
>
> THE INTERPRETER: Absolutely.
>
> THE COURT: Has he pressured you in any way into pleading guilty?
>
> THE INTERPRETER: No.
>
> THE COURT: Has anyone made you any promises in order to get you to plead guilty?
>
> THE INTERPRETER: No.
>
> THE COURT: Do you understand you're pleading guilty without a plea agreement?
>
> THE INTERPRETER: Yes.
>
> THE COURT: Has anyone threatened you in any way to get

you to plead guilty?

THE INTERPRETER: No.

THE COURT: Has anyone made a promise as to what my sentence will be?

THE INTERPRETER: No.

R. 11 Hearing 4:8-25.

This exchange shows that Vargas understood that he was pleading guilty without a plea agreement and that his attorney did not make any promises in order to get Vargas to plead guilty. See United States v. Pulido, 566 F.3d 52, 58 (1st Cir. 2009) (denying criminal defendant's motion to withdraw guilty plea and request for evidentiary hearing because his allegations that his attorney and the government promised him a particular sentence were contradicted by his representations at the plea colloquy). Finally, his allegation that Fernandez instructed Vargas to lie at the Rule 11 hearing is inherently incredible.

**ORDER**

The petition is DENIED.

/s/ PATTI B. SARIS
PATTI B. SARIS
United States District Judge